'The opinion of the court was delivered by
Miller, J.
The plaintiff appeals from the judgment dismissing his demand for a separation from bed and board from his wife.
The petition alleges “ the dispositions of plaintiff and his wife to be not congenial;” that their living together is insupportable; that her ill treatment of plaintiff is partly manifested by her submission to the control of her relatives, and that she thus ignores the marital deference and authority.
The testimony to support the demand is of the same general character as the petitioner’s allegations, and the witnesses are the father and brother-in-law of the defendant and the parents of the plaintiff. The statements of the witnesses are in effect that the dispositions of the spouses are not congenial, and as a result their living together is insupportable; that the wife has ill treated the husband, and that this perpetual ill treatment has caused their separation, and all the witnesses announce they are satisfied the spouses can not live together. The service of the petition was accepted. No answer was filed. There seems to have been no cross-examination of the witnesses and there has been no appearance on behalf of the wife in this court.
If the causes for the separation are alleged and proved, the absence of any opposition by the defendant will not in the least affect the validity of the judgment. But as marriage can not be dissolved by consent, it is especially obligatory on courts in a case like this, when no defence is made, to exact proof of the causes for the separation. Mere want of congeniality of husband and wife is not among these eases specified in the Code to authorize the judgment of separation (Oivil Code, Art. 188). Nor in our jurisprudence. The contract the Code declares is designed to *1716 endure till the death of one of the spouses, and the law supposes their mutual efforts will produce the harmony that should exist be - tween man and wife. Hence in the causes for separation the prominent ground of the petition finds no place and can exert no influence unless it leads to the grievances for which the Code declares the contract of marriage may be dissolved (Code, Art. 138).
Apart from the alleged dissimilarity of disposition of the spouses we have the general allegation of the ill treatment of the husband. The adequacy of this alleged cause can only be ascertained by the specification and proof of the acts or conduct of the wife. The general statement of the witnesses of all ill treatment announces merely the conclusion without disclosing the basis on which that conclusion rests. There must be allegation and proof of the facts constituting the ill treatment to authorize the decree dissolving the marriage. We have besides the expression of opinion from the witnesses that the spouses can not live together as man and wife. But that question is for the courts, not for the witnesses. In an early case affirming the necessity for proof of the cause for the separation, in rejecting the admission of the spouse as testimony t the citation from Pothier is introduced in the decision, that the judgment must rest on la grande eonnaissanee de cause, and in the same opinion the court declares the facts must be shown to authorize the judicial dissolution of the marriage tie. Harman vs. McLelland, 16 La., p. 26.
It is urged that in suits for separation from bed and board the testimony required is less stringent than that exacted in suits for divorce. The law will grant a divorce in the first instance for grave causes. Amendment acts 1877, No. 122. For causes less serious the law supposes a reconciliation possible, and to afford that opportunity allows a year to elapse before granting a divorce, and then requires proof of no reconciliation. 0. 0., Acts 139-162. The decree for divorce when there is no reconciliation is the sequel of the decree for separation. The policy of the law that the marriage can not be dissolved without allegation and proof of one or more of the causes specified by the Code is more imperative in enacting proof for the cause for separation because the final decree for divorce without any such proof follows the preliminary judgment of separation.
In our opinion the lower court properly dismissed the suit, and the decision of the lower court is affirmed.